Curia, per

Evans, J.
Since the case of Clark & Smith vs. Parsons, (Rice’s R. 16,) there can be no doubt an action may be brought on such a document as the plaintiff has endeavour-ed to establish. It is a judicial proceeding, and we are bound, under the constitution, to give it full faith and credit. But, if neither Congress, nor the State Legislature, has prescribed any mode for proving such judgements, (and the Acts of Congress, of 1790 and 1804, do not apply to this case,) then we must find in the Common Law the rules by which they are to be established. The fundamental rules of evidence are, that the best shall always be produced, and that every fact shall be proved by the oaths of witnesses, unless the law has prescribed some other mode. The plaintiff had to shew, 1st, that a justice had jurisdiction of his case by the law of North Carolina; 2d, that the person who decided it was a justice; and, 3d, that he did, in fact, render the judgement alledged. The last of these requisites would have been sufficiently established by the paper adduced as the original proceeding before the magistrate, if the signature of the latter had been proven, as in Clark & Smith vs. Parsons. Still, the proof must have been deficient, as in that case, for want of the best evidence on the other two points; for the' certificates of the clerk and presiding magistrate of the county were not under oath; nor are they, by any enactment, made authentic in proceedings of this character. The law of North Carolina, by which the justice had jurisdiction of this case, might have been proved under the provisions of the act of Congress of 1790, or, according to our precedents, by'the production of the printed laws of that state. In *9 the same manner, it might be shewn that the person who signed the judgment was a justice, if his appointment had been made by the legislature. If the appointment was by the governor, or by any other authority, then an exemplification of the office books, certified according to the Act of Congress of 1804, (2 Story’s P. L. 947) would have proved it.
Motion dismissed;
the whole court concurring.